U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 9 2016

TONY R. MOORE  CLERK
BY ⸺ DEPUTY

a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| GEORGE PRESTON (#543096), Plaintiff | CIVIL ACTION NO. 1:16-CV-562; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| BOBBY HICKS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff George Preston (#543096). Plaintiff was granted leave to proceed *in forma pauperis* on April 28, 2016. (Doc. 5). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Plaintiff complains that he was subjected to excessive force by Lieutenant B. Hicks.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Background

Plaintiff alleges that, on August 2, 2015, while Plaintiff was "joking around" with another inmate, Lt. Hicks pulled Plaintiff from the cell and slammed him to the ground. (Doc. 1, p. 6). Sgt. Augustine put Plaintiff's left arm behind his back, while Lt. Hicks "pulled and twisted" Plaintiff's right arm behind his back to restrain Plaintiff. (Doc. 1, p. 6-7). Plaintiff alleges that he suffered a shoulder injury as a result

of Lt. Hicks's actions. (Doc. 1, p. 7). Plaintiff received medical treatment for his shoulder, and x-rays revealed no fracture or dislocation. (Doc. 1, p. 11).

Plaintiff was written up for violating three prison rules: Defiance, Aggravated Disobedience, and Fighting. (Doc. 1, p. 16). According to the disciplinary report, Lt. Hicks opened a cell door for another inmate, and Plaintiff ran toward that inmate's cell. Lt. Hicks gave a verbal order for Plaintiff to stop, but Plaintiff ignored the order. (Doc. 1, p. 16). Plaintiff then attempted to hit the inmate with a closed fist. Plaintiff was physically removed from the cell, handcuffed, and escorted off of the tier. (Doc. 1, p. 16). Plaintiff pleaded guilty to all three disciplinary charges against him. (Doc. 1, p. 16).

## Law and Analysis

Plaintiff is a prisoner who has been granted leave to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force [by a prison guard] was wanton and unnecessary," the court considers "the extent of [the] injury suffered," "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321) (internal quotation marks omitted).

In this case, the use of force by Lt. Hicks was not wanton and unnecessary. Lt. Hicks made an effort to temper the severity of a forceful response by issuing a verbal order to Plaintiff. Lt. Hicks reasonably perceived a threat when Plaintiff failed to comply with the verbal order and attempted to hit another inmate. The force applied by Lt. Hicks involved twisting Plaintiff's arm behind his back in order to restrain him. Although Plaintiff alleges that he suffered a shoulder injury, x-rays revealed no fracture or dislocation. Thus, the extent of injury suffered was not severe.

No force was administered until after Plaintiff ignored the verbal order and engaged in fighting. Plaintiff pleaded guilty to fighting, defiance, and aggravated

disobedience. Given Plaintiff's admission of guilt, it is evident that the force was applied in a good-faith effort to restore discipline.

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this
_____ day May, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge